UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CREATIVE CO-OP, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE ELIZABETH LUCAS COMPANY, LLC, ELIZABETH LUCAS, and SCOTT LUCAS,<br><br>　　　　　Defendants. | Case No. 1:11-CV-116-S-REB<br><br>**ORDER OF REFERRAL AND MEDIATION CONFERENCE QUESTIONNAIRE FOR ADR SETTLEMENT WEEK IN THE DISTRICT OF IDAHO** |

　　　　IT IS HEREBY ORDERED THAT this matter shall be referred to JAMS Mediator Randall Newsome for the Court's ADR Resolution Roundup Settlement Week Program. The Mediation shall be held on Tuesday, **April 3, 2012 at 9:00 a.m.** at the James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho, Courtroom #4, 5th Floor.

　　　　IT IS HEREBY ORDERED THAT lead counsel for the case shall attend the Mediation. Lead counsel is the attorney who is primarily responsible for representing the party at the trial in the case. Lead counsel shall be authorized to participate in mediation negotiations, and shall be excused from attendance only by Judge Newsome. Counsel shall be knowledgeable about the facts of the case and shall be prepared to candidly discuss the same with Judge Newsome.

**Order of Referral and Mediation Conference Questionnaire
for ADR Settlement Week in the District of Idaho - 1**

The principals to the litigation shall be in attendance, and the representatives of all the involved insurance carriers, unless specifically excused by Judge Newsome.

The parties shall submit to Susie Headlee a completed Mediation Conference Questionnaire by **5:00 p.m. on Wednesday, March 14, 2012.  The questionnaire shall be emailed directly to Susie Headlee, the Court's ADR Director, at Susie_Boring-Headlee@id.uscourts.gov.  The Mediation Conference Questionnaire shall not be filed on CM/ECF**.

All information provided to Judge Newsome for mediation purposes shall be held in confidence, and the parties may request that the Mediation Conference Questionnaire be shredded at the end of the mediation.  No oral statement, written document, or other material considered during the mediation may be used against any party to this litigation.  Questions regarding the Court's ADR Resolution Roundup Program may be directed to the ADR Director, Susie Headlee at (208) 334-9067.

Finally, the mediation conference proceedings in this matter shall be governed by the confidentiality provisions of Rules 408 and 502 of the Federal Rules of Evidence, which shall apply to information, statements and evidence generated in the course of the mediation.  Moreover, all memoranda and other work product of the appointed mediator,

and any communication made to the him relating to the subject matter of the case referred to ADR, shall not be subject to disclosure in any subsequent civil or administrative proceeding.



DATED: **January 19, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

# MEDIATION CONFERENCE QUESTIONNAIRE

SUBMITTED BY:
_____

Attorney for
_____

Trial date scheduled: _____    Jury ____ Non-Jury _____

NOTE: Please use attachments where necessary. You may ignore a question if it is not pertinent to this case, or you may include additional statements that might assist in the settlement of this case.

1. Statement of facts pertinent to settlement.

2. Plaintiff's theories of recovery if not obvious.

3. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).

4. Damages - Plaintiff should list the specials incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.

5. Summarize the bona fide disputes regarding damages.

6. Weaknesses.

7. Plaintiff's evaluation of fair settlement.   $_____.

8. Defendant's evaluation of fair settlement.  $_____.

9. May the court disclose these figures to the opposing party at the commencement of the conference? yes _____ no _____

**Order of Referral and Mediation Conference Questionnaire**
**for ADR Settlement Week in the District of Idaho - 4**

10. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations?  Discuss.

11. Are there viable sources from whom the Defendant(s) may seek contribution?

12. Do you feel the other party has negotiated in good faith?  Discuss.

13. Does either party have client problems which affect these negotiations?

14. Do client and attorney disagree on the settlement value?  Discuss.

15. What factors not discussed above have hampered settlement negotiations?

16. State your opinion as to the bona fide chance for settlement in this matter. _____%

17. Are there legal questions which effectively bar serious settlement negotiations?  Discuss.

18. Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations?  yes _____   no _____

19. Is arbitration of certain areas or the entire matter a viable option?  Discuss.

20. Do Defendants want separate or joint conferences with the judge from which Plaintiff is excluded?

21. Does Plaintiff want separate conferences with the judge from which Defendants are excluded?

22. Expenses of litigation:

To date $ _____   Plaintiff(s) $ _____   Defendant(s) $ _____

Estimate of expenses to conclusion $ _____

**Order of Referral and Mediation Conference Questionnaire
for ADR Settlement Week in the District of Idaho - 5**