UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CREATIVE CO-OP, INC., | |
| Plaintiff, | Case No. CV 11-116 -REB |
| v. | |
| THE ELIZABETH LUCAS COMPANY, LLC, ELIZABETH LUCAS, and SCOTT LUCAS | **ORDER RE: DISCOVERY MOTIONS** |
| Defendants. | **(Dkts. 62 & 67)** |
| THE ELIZABETH LUCAS COMPANY, LLC, ELIZABETH LUCAS, AND SCOTT LUCAS | |
| Counterclaimants, | |
| v. | |
| CREATIVE CO-OP, INC. | |
| Counterdefendant. | |
| _____ | |

Pending before the Court are a Motion for Protective Order Limiting Defendants' First Revised Set of Requests for Production of Documents, filed by Plaintiff/Counterdefendant Creative Co-Op, Inc. (Dkt. 62), and a Motion to Compel Documents and Things, filed by Defendants/Counterclaimants The Elizabeth Lucas Company, LLC, Elizabeth Lucas, and Scott Lucas (the "Defendants") (Dkt. 67). The Motion to Compel seeks production of documents requested by Defendants' First Amended Request for Production of Documents, the same discovery request at issue in Creative Co-Op's Motion for Protective Order. Defs.' Mot., p. 2

ORDER RE: DISCOVERY MOTIONS - 1

(Dkt. 67). The Court has considered the entire record and the parties' briefs and now enters the following order on the parties' cross-motions:

## BACKGROUND

Defendants allege that Creative Co-Op "copied" some of Defendants' products (works of art) and sold them at a much lower price than that Defendants' charged. Defendants sent a letter to Creative Co-Op when they discovered the alleged copying, asking Creative Co-Op to stop selling the products. Creative Co-Op then filed this declaratory judgment action, asserting copyright invalidity and non-infringement. Compl., pp 3-4, Exs. 1-3 (Dkt. 1). Defendants responded and filed counterclaims for copyright infringement, unfair competition, and trade dress infringement. Defendants' counterclaims allege that Creative Co-Op has infringed their copyrights and trade dress in five products and that Creative Co-Op has engaged in unfair competition. (Dkt. 49).

Defendants' first request for production of documents was met with a motion for protective order. This Court denied the motion for protective order for failure to demonstrate that the parties had adequately met and conferred.[1] Thereafter, the parties met, conferred, and exchanged written correspondence, the result of which was a revised request for production of documents. In response to this revised request, Creative Co-Op has provided 13 pages of documents. Creative Co-Op also has provided initial disclosures and supplemental initial disclosures, producing 162 total pages of documents, and plans to produce a disc of images. Thus, Creative Co-Op, to date, has produced some responses to the discovery requests to which

---

[1] Counsel have met and conferred and satisfied the requirements of both the Federal Rules of Civil Procedure and the Court's local rules with respect to the pending discovery motions.

it has not objected. Defendants seek responses to all of their requests and Creative Co-Op seeks further limitations on those requests.

One key debate centers on whether Creative Co-Op should be required to produce documents related to allegations of intellectual property infringement made by third parties against Creative Co-Op. In particular, the parties are currently engaged in proceedings in the Northern District of California, initiated by Creative Co-Op's motion to quash a subpoena seeking information about a lawsuit initiated by Regal Art & Gift, Inc. for copyright infringement, unfair competition, and trade dress infringement. That court has scheduled a hearing on the matter. In short, in those proceedings Creative Co-Op opposes Defendants' attempt to obtain (from an attorney involved in the Regal Art & Gift litigation) one non-privileged document form that litigation — Creative Co-Op's response to Regal Art's accusations of infringement.

## DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure states that, in general, any matter relevant to a claim or defense is discoverable. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b). Moreover, relevancy does not mean admissibility: "relevant information need not be admissible at the trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence*." *Id.* (emphasis added).

The general rules is not, however, without limitation. Upon a showing of good cause, the Court may exercise its discretion to issue any protective order "which justice requires to protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. Fed. R. Civ. P. 26(c). Creative Co-Op's burden here is to "show good cause" by demonstrating harm or prejudice that will result from the discovery. *See Rivera v. NIBCO, Inc*., 364 F.3d 1057 (9th Cir. 2004). "For good cause to exist, the party seeking protection bears the burden of showing what specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Consistent with the above standards, the Court will conduct a two part inquiry. First, it is necessary to determine whether the information sought is relevant under Rule 26(b). If so, then the Court determines whether disclosure should be otherwise limited or even prohibited based on the additional considerations Creative Co-Op argues should preclude or limit discovery.

### B. Specific Limitations Requested

Creative Co-Op requests that the Court enter a Protective Order: (1) quashing Request Nos. 9, 10, 11, 17, 18, and 19 as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; (2) quashing Request Nos. 12 and 21 as overbroad, duplicative, and not reasonably calculated to lead to the discovery of admissible evidence, and directing Defendants to narrow Request No. 12 and to withdraw Request No. 21, and/or serve an appropriate corresponding Interrogatory; (3) quashing Request No. 13 as overbroad and unduly burdensome; and (4) limiting the relevant time period of Defendants' remaining and future discovery requests to the purported dates of first publication of Defendants' works at issue. Pl.'s Mot., pp. 2-3 (Dkt.

62). Defendants argue that no limitations are needed and Creative Co-Op should be compelled to provide the discovery as requested.

### C. Relevance

1. *Requests related to other allegations of copyright, trade dress, or intellectual property infringement.*

Six of Defendants' requests for production generally seek all non-privileged documents discussing, referencing, or relating to any allegations of infringement (of any intellectual property right) against Creative Co-Op from time periods spanning five years to "throughout the course" of Creative Co-Op's business. Miller Aff. on Prot. Ord., Ex. 4, Requests 9, 10, 11, 17, 18, 19 (Dkt. 62-6). Creative Co-Op argues that "[n]one of these six Requests seek any documents or information likely to lead to the discovery of admissible evidence." Mem., p. 8 (Dkt. 62-1).

Defendants respond that any threatened or actual lawsuits for copyright and trade dress infringement, including the recent case against Creative Co-Op in the Northern District of California (which has been dismissed with prejudice), "have direct bearing in the case at hand in evidencing a recurring course of conduct." Defendants further submit that "recurring conduct" pertains directly to damages and Defendants would use the information not to prove that infringement occurred in this case, but to prove "a callous disregard on behalf of [Creative Co-Op] for the intellectual property rights of others, a course of conduct that Defendants believe falls within [an] award of treble damages and attorney's fees."

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An action may be

considered exceptional "[w]hen a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Stephen W. Boney, Inc. v. Boney Servs.*, 127 F.3d 821, 827 (9th Cir. 1997) (internal citation and quotation marks omitted). Although the Ninth Circuit has construed the "exceptional circumstances" requirement "narrowly", *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008), it also has explained that "a finding that the losing party has acted in bad faith may provide evidence that the case is exceptional [and] other exceptional circumstances may warrant a fee award," *Stephen W. Boney*, 127 F.3d at 827. *See also Seclat S.A. v. Wuxi Shenxi Const. Machinery Co., Ltd.*, 2012 WL 373102, 6 (9th Cir. 2012) (citing *Mennen Co. v. Gillette Co.*, 565 F.Supp. 648, 657 (S.D.N.Y. 1983), aff'd, 742 F.2d 1437 (2d Cir. 1984), which determined that attorney's were fees justified where suit was filed "as a competitive ploy"). The Court's own research has found no case in which a federal court has ruled that repeated conduct of other infringing behavior can never be considered in determining whether a case meets the "exceptional circumstances" standard, nor have the parties provided cases that explicitly decide the issue either way in this same context (or at the discovery stage of the proceedings).

Regardless, the fact that appropriate discovery can be undertaken of information related to third party allegations of infringement against Creative Co-Op does not set in stone the admissibility of such evidence in any future proceeding in this case.[2] Indeed, such information is

---

[2] There is ample authority for excluding this type of information at hearings and trial. *See, e.g., ICU Medical, Inc. v. RyMed Techs., Inc.*, 752 F.Supp.2d 486, 493-94 (D.Del. 2010) (explaining that such "contentions would cause substantial delay, wasted time, and confusion because it would require mini-trials to determine whether [the accused infringer] actually copied the unrelated ICU devices nearly twenty years ago"): *Santrayll v. Burrell*, No. 91 Civ. 3166(PKL), 1998 WL 24375, at *3 (S.D.N.Y. Jan. 22, 1998) (excluding evidence of defendant's alleged prior acts of copying in a copyright case in part because "[i]t would seriously prejudice

facially irrelevant on the issue of whether infringement occurred in this case. *See Conopco, Inc. v. Warner-Lambert Co.*, 1999 WL 1565082, 13 (D.N.J. 1999) ("Motive may affect damages, but not liability."). However, in the present context, the issue is not whether the information is admissible, but whether it might be relevant and/or lead to the discovery of admissible evidence.

Additionally, the information potentially may be useful for impeachment. *See e.g., Santrayll v. Burrell*, 1998 WL 24375, *3 (S.D.N.Y., 1998) (allowing the plaintiffs to impeach the credibility of a witness through the use of the settlement agreement from another infringement case). For all these reasons, the Court finds the discovery requests are reasonably posed as to the subject matter. Whether those requests are overly broad is another question, and the one Creative Co-Op focuses its briefing on.

2.  *Documents related to "accused instrumentalities"*.

Creative Co-Op objects to the request for *all* documents involving the allegedly infringing products. For the most part, the relevance issue has been conflated with the challenge to these requests as overly broad.[3] The Court is satisfied that the subject matter of the allegedly

---

the defendants for the Court to . . . permit what would in essence be a series of 'mini-trials' on other acts of copying"). Again, that is not the issue now.

[3]  For instance, with regard to Request No. 13, Creative Co-Op argues that Defendants seek "all documents discussing or referencing any of the 'accused instrumentalities,'" which Creative Co-Op submits "is overly broad and unduly burdensome." Creative Co-Op goes on to argue that "[s]uch an overbroad request would result in the production of potentially thousands of documents that provide no relevant or useful information, and are not likely to lead to the discovery of admissible evidence, and/or documents protected by attorney/client privilege," and "[t]he limited probative value of 'all documents discussing or referencing any of the 'accused instrumentalities' is severely outweighed by the burden upon Plaintiff to locate, collect, review, and produce the likely thousands of pages, many of which are irrelevant and not likely to lead to the discovery of any admissible evidence."

ORDER RE: DISCOVERY MOTIONS - 7

infringing products (or the "accused instrumentalities") is an appropriate one for discovery purposes. The Court also will consider the relevance and burdonsomeness of certain requests in the discussion below.

### D. Alleged Overly Broad and Burdensome Requests

#### 1. *Unrelated, third party allegations of infringement.*

Creative Co-Op contends that Defendants' requests for documents related to third party allegations of infringement are overly broad and too burdensome.[4] According to Creative Co-Op, Defendants' allegations of a "modus operandi" of infringement (of other third parties' intellectual property) are "simply untrue and lack a single scintilla of factual or legal support." Pl.'s Resp. to Mot. Compel, p. 2 (Dkt. 72). If so, there will be few, if any, documents responsive to Defendants' requests. Accordingly, the requests cannot be overly burdensome. Similarly, Creative Co-Op states there have been no judgments against if for intellectual property infringement of any kind during its existence. Mem., p. 10 (Dkt. 62-1). Again, that appears to be true, but it is not a basis for a protective order. It is, at most, an explanation as to why any documents that might be produced are few, if any, in number, not that an explanation is even necessary.

---

[4] Creative Co-Op relies on a case from the District Court for the District of Columbia, which considered a request for discovery of documents and communications from third parties related to "all allegations of copyright infringement by ABC" and found this request to be overbroad. *See Slate v. American Broadcasting Cos., Inc.*, 274 F.R.D. 350, 352-53 (D.D.C. 2011). However, the discovery in that case sought documents unlimited by any time frame and from a large media and broadcast company that regularly uses intellectual property and sufficiently described the burden such a request would impose given the number of documents that would be responsive. For that reason, the Court finds is largely inapposite here.

2.  *Information about the "accused instrumentalities"*.

Creative Co-Op objects to the following document requests as overbroad:

> No. 12 for "all documents evidencing the names and contact information for all people associated with creating the accused instrumentalities including those who have purchased materials to manufacture the accused instrumentality, manufactured the accused instrumentality, and sold each of the accused instrumentalities.
>
> No. 21 for "all documents evidencing the individuals who participated in the creation of the accused instrumentalities."

Miller Aff. on Prot. Order, Ex. 4 (Dkt. 62-6). Creative Co-Op argues that the term "associated" is particularly overbroad and "[s]uch an overbroad request could feasibly seek irrelevant information, for example, the identity of the person who placed an order for the wood to make the frame(s) of the products at issue, which is utterly and completely irrelevant, and not likely to lead to the discovery of admissible evidence pertaining to any issue in the case." It argues that "at a minimum" the request should be rephrased to seek documents about only those individuals who contributed to the creation of the works at issue.

First, as noted above, there are only five products at issue. Second, the Court finds instructive a case cited by Creative Co-Op, in which the party opposing discovery had objected as overly broad and unduly burdensome a request for all documents "concerning" any decision to market, launch, introduce or sell "any or all products." *Conopco, Inc. v. Warner-Lambert Co.*, 1999 WL 1565082, *13 (D.N.J. 1999). The court in *Conopco* concluded that "this request is overbroad in that it requests information regarding all [of the alleged infringer's] products," but required the defendants to produce "all non-privileged documents that relate only to the accused products, infringement, and the function/process/operation of the products." *Id.* The Court finds

similarly that discovery directed at all documents *related to the alleged infringing products* is reasonably calculated to lead to the discovery of admissible evidence and, therefore, is appropriately sought.

Further, Creative Co-Op believes that Request No. 12 should be framed as an interrogatory, because Creative Co-Op presumes that the information sought is the identity of those materially contributing to the works at issue. Creative Co-Op also submits that Request No. 21 is duplicative of the information sought in Request No. 12. However, to the extent it may be duplicative, Request No. 21 contains a built-in protection; it seeks production only "[t]o the extent not duplicitous of any previous Request." Accordingly, Court intervention is not required to resolve Creative Co-Op's complaint with Request No. 21. Additionally, although the requests could have been more artfully worded, or fine-tuned, the Court will not engage in rewriting discovery requests that appear to seek appropriate information.

Moreover, No. 12 seeks information about those manufacturing and selling the products, and No. 21 seeks information about those individuals who created the products. Likewise, the Court will not step into the discovery process and require Defendants to submit their requests in a different format (e.g., interrogatory versus request for production). Defendants may properly seek documents related to the products at issue in this lawsuit. If there are no documents that are responsive to the request, the answering party can say so. On the flip side, if the propounding party is sending out requests for production that are intended to elicit information that is more easily obtained in interrogatory, for the reason of avoiding some limitation upon the number of interrogatories, then that also would be an abuse of the process, and the propounding party should more properly seek leave of the Court to propound additional interrogatories. Regardless,

on the current record, the Court is not going to step in and rewrite the propounded discovery, nor is it going to prohibit such discovery on the argument currently presented.

E.     **The Relevant Time Frame**

Creative Co-Op asserts that there are "potentially thousands of documents that provide no relevant or useful information, and are not likely to lead to the discovery of admissible evidence, and/or documents protected by attorney/client privilege." This is in part due to the scope of the requested time period. Accordingly, Creative Co-Op requests that this Court enter an order limiting the relevant time period to one after the dates of first publication of Defendants' works at issue, all of which were created in approximately October 2009. *See* Defs.' Answer and Counterclaims (Dkt. 49) at ¶¶ 5, 7, 9, 11, 13. Defendants counter that "if a lack of development of products such as those [Creative Co-Op is] accused of infringing . . . did not exist before the existence of Defendants' goods but appeared after Defendants developed their goods, the material is highly relevant to whether or not Plaintiff copied Defendants' products." Defs.' Resp., p. 10 (Dkt 63). The Court agrees that the state of Creative Co-Op's product line prior to 2009 is relevant, but will limit production to a three-year time period preceding the first publication. Such a time period is drawn from the Court's estimation as to a reasonable period that would likely include any development period.

F.     **Emergency Motion to Strike**

Creative Co-Op filed a motion to strike Defendant's Reply to Plaintiffs' Response to Defendants' Motion to Compel (Doc. 75) and the supporting affidavits and exhibits (Dkts. 76 & 77). Creative Co-Op alleges that these filings "attempt to introduce new evidence that was not previously submitted with their Motion to Compel" and, therefore, cannot be considered.

Creative Co-Op first argues that the reply and associated filings should be stricken because it does not have the opportunity to submit a sur-reply or respond to the evidence under the rules. To alleviate this concern, the Court will not consider any of the new exhibits or arguments related to those exhibits contained in the reply brief. The Court will consider all other arguments in the reply.

Creative Co-Op next argues that the Local Rules do not allow for additional evidence to be submitted with a reply brief. The Court notes that Creative Co-Op submitted an affidavit and additional evidence in its reply to support its motion for protective order. (Dkt. 65) Additionally, at times evidence may be helpful to support arguments made in reply to an opposition to a motion. Although the rules do not specifically allow for submission of evidence on reply, where it relates to an argument made in reply to an opposition, the Court often considers the information.

More concerning is Creative Co-Op's third objection, which states that Defendants have not produced the exhibits attached to the Swanson Affidavit in discovery and that Swanson does not identify the third party from which the product depicted was purchased. Defendants explain in their reply brief that they obtained the photos on March 2, 2012, the Friday before Defendants filed the reply brief and affidavit. Regardless, the Court finds that it does not need to consider Defendants' reply brief or the Swanson Affidavit in this decision, one which is favorable to Defendants. Accordingly, the Court will strike the information in the reply brief and Affidavit that constitutes or relies on new information not yet produced in discovery or for which purchase information has not been provided. The Court has considered all other information in the reply as responsive to Creative Co-Op's opposition memorandum.

G. Attorneys' Fees

No fees will be awarded related to these motions. *See* Fed. R. Civ. P. 37(a)(5)(B). Neither party received the full relief requested. However, the Court is concerned about the degree of discovery skirmishing that is occurring in this case. The parties are encouraged to be careful and tailored in their discovery requests, and to avoid gamesmanship in responding to such discovery. If the Court is faced with further discovery motions, and the Court concludes that the propounded discovery is not carefully and thoughtfully tailored to the issues in controversy, or that the responses to such discovery obfuscate and avoid good faith answers and production, then the Court will likely award attorney fees in favor of the non-culpable party.

## ORDER

**IT IS THEREFORE HEREBY ORDERED** that

1. Creative Co-Op's Emergency Motion to Strike (Dkt. 78) is DENIED in part and GRANTED in part, as set forth in more detail above.

2. Creative Co-Op's Motion for Protective Order Limiting Defendants' First Revised Set of Requests for Production of Documents (Dkt. 62), is DENIED in part and GRANTED in part, as set forth above. Any documents required to be produced in response to Defendants' Revised Set of Requests for Production of Documents shall be produced by **March 30, 2012.**

3. Defendants' Motion to Compel Documents and Things (Dkt. 67) is DENIED in part and GRANTED in part, as set forth above. To the extent Creative Co-Op has additional information responsive to the discovery requests this Court has upheld, that information shall be provided on or before **March 30, 2012.**



DATED: **March 7, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge