# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| CREATIVE CO-OP, INC., | Case No.  CV 11-116-S-REB |
| Plaintiff/Counterdefendant, | |
| vs. | **MEMORANDUM DECISION & ORDER** |
| THE ELIZABETH LUCAS COMPANY, et al., | **(Dkt. 51)** |
| Defendants/Counterclaimants. | |

Plaintiff/Counterdefendant Creative Co-Op, Inc. ("Creative Co-Op) filed a Motion for Judgment on the Pleadings[1] (Dkt. 51), seeking judgment as a matter of law that (1) Defendants' Counterclaims for Unfair Competition and Trade Dress Infringement under the Lanham Act are preempted and (2) Defendants' request for attorney's fees on their Counterclaims is barred as a matter of law.  Defendants/Counterclaimants The Elizabeth Lucas Company, LLC, Elizabeth Lucas, and Scott Lucas (collectively, "Defendants") oppose the motion.  The Court, having found that the issues are adequately presented in the briefing and do not require oral argument, now enters the following order:

---

[1]  Creative Co-Op has filed a second Motion for Judgment on the Pleadings (Dkt. 70), arguing that counterclaims for copyright infringement made by Defendants Elizabeth Lucas and Scott Lucas must be dismissed for lack of standing under the Copyright Act, 17 U.S.C. § 101 *et seq.*  This motion is not yet ripe and the Court will wait for all of the briefing to be completed before determining whether a hearing is necessary and issuing a decision.

**MEMORANDUM DECISION & ORDER - 1**

## BACKGROUND

Defendants allege that, in October of 2009, they created and put in tangible form figures described as: Herbal No. 2, Aminio 3, George Perch, Emyrte Ordinair, and Historium (collectively the "Five Works") and that each of these were included in copyright applications filed February 21, 2011.  Answer & Counterclaim, ¶¶ 5, 7, 9, 11, 13 (Dkt. 49).  They assert that Creative Co-op manufactures/sells articles substantially similar to these Five Works.  *Id.* at ¶¶ 6, 8, 10, 12, 14; *compare* Dkt. 49, Exs. A & B, C & D, E & F, G & H, I & J.

Defendants also allege that these Five Works and their product line incorporates a specific trade dress with products that "present the same overall appearance and feel" and that Creative Co-Op's products at issue infringe on that trade dress.  *See* Answer & Counterclaim, p. 15, ¶ 20.  Defendants assert that Creative Co-Op has "adopted a particular dress, design, and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public," and in doing so has attempted thereby to mislead and confuse the public.  *Id.* at ¶¶ 77, 78, 83, 88, 93, 98, 103, 108, 113, 118, 123, 128, 133.

Defendants argue that Creative Co-Op's "actions constitute a recurring pattern of conduct," Answer & Counterclaims, ¶¶ 34–35, and request that the Court award exemplary damages to Defendants based on Creative Co-Op's "recurring conduct," *id.* at p. 25.  Creative Co-Op denies that Defendants are entitled to this type of damages and argue that Defendants cannot recover for attorneys' fees in the event they prevail in this case.

The Court will now consider whether Defendants have sufficiently alleged distinct Lanham Act trade dress and unfair competition claims that are not preempted by the Copyright Act, and then will consider the attorneys' fees issue.

## DISCUSSION

**MEMORANDUM DECISION & ORDER - 2**

A.      **Legal Standards**

Federal Rule of Civil Procedure Rule 12(c) authorizes a party to move for judgment on the pleadings "after the pleadings are closed."  Judgment is appropriate when the moving party establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  The court must assume the truthfulness of all material facts alleged and construe all inferences reasonably to be drawn from the facts in favor of the responding party.  *General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

If the court looks to evidence beyond the pleadings, the motion must be converted into one for summary judgment.  Fed. R. Civil P. 12(d).  The court may consider attachments to the complaint and documents referred to in the complaint though not attached to it, where authenticity is not in question.  *Hal Roach Studios*, 896 at 1555 n. 19; *Townsend v. Columbia Operations*, 667 F.2d 844, 848–49 (9th Cir. 1982).

B.      **Preemption**

The federal Copyright Act expressly preempts state common law or statutory claims arising under rights within the subject matter of the Copyright Act.  17 U.S.C. § 301.  Creative Co-Op argues that this preemption applies to claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*.  Specifically, Creative Co-Op submits that "Defendants' counterclaims for unfair competition and trade dress infringement counts one through six under § 1125(a) of the Lanham Act are merely copyright infringement claims couched in different terms, and . . . requests that this Court enter an Order dismissing such claims as preempted by federal copyright law."  Pl.'s

**MEMORANDUM DECISION & ORDER - 3**

Mem., p. 3 (Dkt. 51-1).

Although the preemption provision in the statute expressly mentions *state* law claims, several courts have dismissed Lanham Act trade dress claims *on summary judgment*,[2] finding they were preempted by the Copyright Act.  *See, e.g.*, *Conference Archives, Inc. v. Sound Images, Inc*., Civil No. 3:2006-76, 2010 WL 1626072, *9 (W.D.Pa., Mar. 31, 2010).  This is because a plaintiff cannot receive a *remedy* for both.  As noted by Creative Co-op, "[t]he determination of whether the Lanham Act is limited by copyright . . . is aimed at whether copyright provides an 'adequate remedy.'"  *Blue Nile, Inc. v. Ice.Com, Inc.*, 478 F.Supp.2d 1240, 1245 n.7 (W.D. Wash. 2007).  We do not yet know in this case if copyright laws will provide any remedy.[3]

"While the Copyright Act aims to protect original work, trademark and trade dress protection apply to any communication that conveys meaning, even if unoriginal."  *Conference Archives*, 2010 WL 1626072 at *9.[4]  Trade dress is a form of trademark protection that refers to the "total image and overall appearance of a product."  *Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763, 764-65 n. 1 (1992) (citation and internal quotation marks omitted).  Although Defendants have not listed the specific details of their claimed trade dress, they have alleged a

---

[2]  Most of the cases the Court has found and the parties have cited address the preemption issue on summary judgment, not at the outset of the case.

[3]  That is not to say that the trade dress claims will survive if there is no valid copyright claims, just that this case has not developed to the point where the Court is able to determine the preemption issue.  *But see Blue Nile*, 478 F.Supp.2d 1245 n.5 (suggesting that "[t]here can be no 'adequate remedy' if the work cannot be copyrighted").

[4]  The Court recognizes that the *Conference Archives* case, and other district court cases and out-of-circuit cases, are not binding and has cited to these cases throughout for their persuasive value only.

**MEMORANDUM DECISION & ORDER - 4**

particular trade dress, the copying of which they further allege is likely to cause confusion among customers.  Because parallel or alternative claims under the Copyright Act and Lanham Act are not "*per se*" inadmissible, *Blue Nile, Inc. v. Ice.Com, Inc.*, 478 F.Supp.2d 1240, 1244 (W.D. Wash. 2007), at this stage of the litigation, the Court will allow both to proceed, subject to a later determination limiting Defendants to one or the other cause of action for the Five Works in question.  *See id.* at 1245 (declining to dismiss trade dress claims at the motion to dismiss "early" stage of the proceedings and noting that other courts had considered preemption with "a developed factual background" on summary judgment); *Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. C10-322 MJP, 2010 WL 2217910 *2 (W.D. Wash. June 1, 2010) (stating that parallel claims under the Copyright Act and Lanham Act are not per se impermissible).

The same applies to the unfair competition claim under the Lanham Act.  The Court will not consider preemption at this point in the litigation and Creative Co-Op's motion for judgment on the pleadings is denied.

## C.    Adequacy of Pleading the Trade Dress Claims

Alternatively, Creative Co-Op argues that even if Defendants' counterclaims for trade dress infringement are not preempted, their claims still should be dismissed for failure to plead the elements of those claims with the requisite specificity.[5]  Pl.'s Mem., p. 3 (Dkt. 51-1).  This

---

[5] Creative Co-Op also argues that there is no confusion as to the origin of its allegedly infringing products, which it submits is the proper basis for recovery under § 43(a) of the Lanham Act.  *See* 15 U.S.C. § 1125(a)(1)(A).  However, discovery is still progressing and the Court does not have enough information at this time to determine that there is or is not any evidence of confusion.  Considering the standard for granting judgment on the pleadings, the Court must take into account that Defendants have alleged that their products are "famous and recognizable" and "distinctive" and that Creative Co-Op's products "operate to confuse the public."  Answer & Counterclaim, pp. 15, 20 (Dkt. 49).  However, this does not prohibit

**MEMORANDUM DECISION & ORDER - 5**

can be interpreted as another spin on preemption—that the way a trade dress claim has been

stated here is not adequate to survive preemption—or as a stand alone argument that the trade

dress claims should be dismissed as not adequately pled.  Defendants argue they have adequately

alleged a trade dress claim and, even if not, request leave to amend to do so.  *See* Defs.' Resp., p.

10 (Dkt. 55).  Defendants made their amendment request prior to the deadline for the same, and

Creative Co-Op has not responded to Defendants' request to amend their counterclaims.

The Court agrees with Defendants that the images comparing the various works add

descriptive detail to Defendants' trade dress allegations (i.e., that Creative Co-op's merchandise

presents the same "look and feel" as Defendants' products).  For instance, some of the images

depict similar fabric and placement of plants and birds.[6]  However, many courts require trade

dress claims to include a specifically-defined list of elements that comprise the trade dress.  *See*

*Treat, Inc. v. Dessert Beauty*, 2006 WL 2812770, *14-15 (D.Or. 2006) (finding trade dress

allegation insufficient because the discreet elements that made up the alleged trade dress were

not separated out and identified in a list); *Sherwood 48 Associates v. Sony Corp. of America*, 76

Fed.Appx. 389, 391, 2003 WL 22229422, *2 (2d Cir. 2003) (explaining that a "focus on the

overall look of a product does not permit a plaintiff to dispense with an articulation of the

specific elements which comprise its distinct dress") (citation and internal quotation marks

omitted)); *Salt Optics, Inc. v. Jand, Inc,* 2010 WL 4961702, *4 -6 (C.D.Cal. 2010) (explaining

that a plaintiff "must clearly articulate its claimed trade dress to give a defendant sufficient

_____

Creative Co-Op from making this argument on summary judgment or in another context.

[6]  Trade dress claims involve "the total image of a product and may include features such
as size, shape, color or color combination, texture, graphics, or even particular sales techniques."
*Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 808 n. 13 (9th Cir. 2003) (internal
citations and quotations omitted).

**MEMORANDUM DECISION & ORDER - 6**

notice" and citing *Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F.Supp.2d 1168, 1174 (N.D.Cal. 2007) in support).

In many cases though, courts allow leave to amend to re-state the trade dress allegations in detail.  *See, e.g., Salt Optics*, 2010 WL 4961702, *4; *Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. C04-1664SBA, 2004 WL 2796163 *3 (N.D. Cal. Nov. 5, 2004) (allowing leave to amend where the plaintiff "failed to plead with specificity how the trade dress was unique and inherently distinctive" and "to plead sufficient facts for the Court to determine whether the alleged trade dress" was nonfunctional); *Accuimage Diagnostics Corp.*, 260 F.Supp.2d 941, 949 (N.D. Cal. 2003) (allowing leave to amend to plead trade dress infringement with specificity); *Sleep Science Partners v. Lieberman*, No. 09-04200CW, 2010 WL 1881770 (N.D. Cal. May 10, 2010).

Defendants timely requested leave to amend,[7] and considering that the images provided with the counterclaims lend support for potential trade dress claims, the Court will allow amendment.  *See* Fed. R. Civ. P. 15 (a) (explaining that leave to amend made with in the case management deadlines should be freely given); *Jones v. Life Ins. Co. of Georgia*, 336 F.Supp.2d 631, 636-37 (S.D.Miss. 2004) (finding defendants' argument that plaintiff failed to plead fraud claim with sufficient particularity unpersuasive when "[p]laintiff may simply amend her complaint to plead her claims more specifically"); *Todd Holding Co., Inc. v. Super Valu Stores, Inc.*, 744 F.Supp. 1025, 1028 (D.Colo. 1980) ("[I]f the plaintiffs have not sufficiently pleaded fraud, dismissal is not the only option. '[L]eave to amend shall be freely given when justice so requires.'" (quoting Fed. R. Civ. P. 15(a)).

---

[7]  Defendant requested leave to amend on October 3, 2011 (Dkt. 55) and the deadline to amend pleadings did not expire until November 18, 2011 (Dkt. 47).

**MEMORANDUM DECISION & ORDER - 7**

**D.      Attorneys' Fees**

Creative Co-Op argues that Defendants cannot recover attorneys' fees if successful on their Counterclaims for copyright infringement, unfair competition, or trade dress infringement under 15 U.S.C. § 1125.  Creative Co-Op first argues that Defendants "have not and cannot meet the prerequisite for attorney's fees as a prevailing party under the Copyright Act because they did not file their applications for registration with the United States Copyright Office within the time period required by 17 U.S.C. § 412."  Defendants did not respond to this argument and, therefore, have waived any objection to it.  Moreover, it appears that Creative Co-Op is correct.[8] Accordingly, judgment as a matter of law is entered for Creative Co-Op on this issue and Defendants cannot recover attorneys' fees in the event they prevail on copyright infringement claims in Counts One through Five.

Next, Creative Co-Op argues that Defendants are not entitled to attorneys' fees if they prevail on trade dress or unfair competition claims under the Lanham Act because they have not pled that the present case is an "exceptional case."  Pl.'s Mem., p. 3 (Dkt. 51-1).  *See also* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").  Defendants' counterclaim requested that the Court award exemplary damages to them based on Creative Co-Op's "recurring conduct" and they sought attorneys' fees.  Answer & Counterclaim, p. 25.  Although not the exact wording of the statute, the Answer and Counterclaim as a whole provide the notice required to properly seek attorneys' fees under the Lanham Act.  To the extent it does not, Defendants may amend their counterclaims to specify

---

[8]  Specifically, Creative Co-Op's alleged infringement occurred more than three months after Defendants' first publication of the alleged works and before the effective date of the registrations.

MEMORANDUM DECISION & ORDER - 8

this standard for attorneys' fees, as they have requested leave to do.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings (Dkt. 51) is DENIED, in part, and GRANTED, in part, as set forth in more detail above. Defendants are granted leave to amend their trade dress counterclaims and to assert the standard for requesting fees under the Lanham Act. Any amended answer and counterclaim shall be filed on or before **March 28, 2012.**



DATED:  **March 7, 2012**.

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION & ORDER - 9**